IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RIMMAX WHEELS, LLC, a Delaware )
limited liability company, )
                                )
             Plaintiff, )
                                )
    v.                         )   C.A. No. 06-029 (SLR)
                                )
RC COMPONENTS, INC., )
a Kentucky corporation, )
                                )
            Defendant. )

## ANSWER

       Defendant, RC Components, Inc. ("Defendant" or "RC"), answers the numbered paragraphs of the Complaint as follows:

## I.      INTRODUCTION

       1.      Denied, except it is admitted that Plaintiff seeks the relief stated.

## II.      JURISDICTION AND VENUE

       2.      The allegations of this paragraph state legal conclusions as to which no response is required.

       3.      The allegations of this paragraph state legal conclusions as to which no response is required.

       4.      Denied.

       5.      The allegations of this paragraph state legal conclusions as to which no response is required.

       6.      Denied, except it is admitted that Defendant's website states that its products may be purchased from dealers in Delaware.

7.    It is admitted that Defendant distributes its products for sale in many states, including Delaware.  All other allegations of this paragraph are denied.

8.    Admitted.

9.    Denied.

10.    The allegations of this paragraph state legal conclusions as to which no response is required.

**III.    PARTIES**

11.    It is denied that Plaintiff is a Delaware limited liability company in good standing.  Defendant is without knowledge or information sufficient to permit it to affirm or deny the remaining allegations of this paragraph and they are, therefore, denied.

12.    Admitted.

**IV.    ALLEGATIONS OF FACT FOR ALL CAUSES OF ACTION**

13.    It is denied that Messrs. Rivers and Matthis invented spinners that Defendant has ever manufactured.  Defendant is without knowledge or information sufficient to permit it to affirm or deny the remaining allegations of this paragraph and they are, therefore, denied.

14.    It is admitted that sometime in 2002, the Plaintiff contacted Mr. Ball by phone and discussed Plaintiff's marketing capabilities and the possibility of Defendant manufacturing spinners to fill customer orders that would be obtained by Plaintiff.

15.    Admitted that Mr. Ball referred Plaintiff to Jim Cooper, Defendant's sales manager at that time, for taking Plaintiff's orders only.

16.    Denied.

17.    Admitted.

18.    It is admitted that on August 20, 2002, a document entitled Agreement Regarding Confidential Information and Intellectual Property was apparently executed by Jim Cooper, then sales manager of the Defendant.  It is denied that Mr. Cooper was authorized by Defendant to enter into such an agreement.  That document speaks for itself and all allegations inconsistent with it are hereby denied.

19.    Admitted, but denied that Mr. Cooper was authorized to sign the document on behalf of the Defendant.

20.    Denied.

21.    Admitted that Plaintiff visited Defendant's business in Kentucky at Plaintiff's request and that Plaintiff and Defendant discussed Defendant's manufacture of spinners for Plaintiff.

22.    Admitted.

23.    Denied.

24.    Denied.

25.    It is admitted that Defendant faxed to Plaintiff a price quote on or about the date alleged.  That price quote speaks for itself.

26.    Admitted.

27.    Admitted.

28.    Admitted.

29.    Denied.

30.    Admitted.

31.    The allegations of the first sentence of this paragraph are admitted. Defendant is without knowledge or information sufficient to permit it to affirm or deny the allegations of the second sentence of this paragraph and, they are, therefore, denied.

32.    Defendant is without knowledge or information sufficient to permit it to affirm or deny the remaining allegations of this paragraph and they are, therefore, denied.

33.    Admitted.

34.    Admitted that Defendant received inquiries about the spinners and that it discussed with Plaintiff making spinners for Harley Davidson motorcycles.

35.    Denied.

36.    Denied.

37.    Denied, except it is admitted that Plaintiff made partial payment to Defendant for spinners it ordered.

38.    Denied.

39.    Admitted that Plaintiff sent Defendant its order list.  It is denied that Plaintiff requested Defendant to ship any spinners to Plaintiff's customers with Plaintiff's logo on any packaging.

40.    Admitted that Defendant's manufacturing of the spinners was not completed at the Plaintiff's and Defendant's agreed upon date.  Defendant is without sufficient information or belief as to admit or deny that April of 2003 was the agreed upon date for the manufacture of the spinners.

41.    The allegations of paragraph 41 of the Complaint are admitted to the extent that Defendant discussed with Plaintiff the timing of manufacture and shipment of the spinners.  All other allegations of paragraph 41 are denied.

42.     Admitted that the parties discussed the delay in the manufacture of the spinners.  Defendant is without sufficient information or belief to admit or deny the remaining allegations of paragraph 42.

43.     Admitted that Defendant shipped sets of spinners directly to Plaintiff's customers at Plaintiff's request.  Defendant is without sufficient information or belief to admit or deny that it shipped 20 sets of spinners to Plaintiff's customers.

44.     Denied that Plaintiff requested Defendant to ship the spinners in packages with Plaintiff's logo on them.

45.     It is admitted that Defendant received a letter from Plaintiff's lawyer dated July 2, 2003, which letter speaks for itself.  All other allegations of this paragraph are denied.

46.     Denied that Plaintiff paid in full for the spinners it ordered from Defendant.  Defendant is without sufficient information or belief as to the number of sets of spinners that it delivered to Plaintiff.

47.     Denied that Defendant has any obligation to return any money to Plaintiff.

48.     It is denied that Plaintiff received any "confidential information and proprietary technology" from Plaintiff and, therefore, the allegations of this paragraph are denied.

49.     Defendant is without sufficient information to admit or deny the allegations of paragraph 49 of the Complaint and, therefore, denies them.

50.     Defendant is without knowledge or information sufficient to permit it to affirm or deny the allegations of paragraph 50 of the Complaint and, therefore, denies them.

51.     Denied.

52.    Defendant denies that it has contacted Plaintiff's customers or others for purposes of selling them spinners, or that Defendant would need Plaintiff's permission to do so.

53.    It is denied that Defendant would need Plaintiff's permission to sell spinners.

54.    It is denied that Defendant has used Plaintiff's confidential information and proprietary technology.

55.    The document referred to speaks for itself.  It is denied that Defendant has used Plaintiff's confidential information and proprietary technology.

## FIRST CAUSE OF ACTION:  BREACH OF CONTRACT

56.    Defendant repeats its answers to the foregoing paragraphs and incorporates them herein by reference.

57.    Defendant is without knowledge or information sufficient to permit it to determine what "legally binding agreement" Plaintiff refers to and, therefore, denies the allegations of this paragraph.

58.    Defendant is without knowledge or information sufficient to permit it to determine what "legally binding agreement" Plaintiff refers to and, therefore, denies the allegations of this paragraph.

59.    Denied.

60.    Denied.

61.    Denied, and, specifically, denied that Defendant received any confidential information and proprietary technology from Plaintiff.

62.    Denied.

63.    Denied.

64.     Denied.

65.     Denied.

## SECOND CAUSE OF ACTION:  FRAUD

66.     Defendant repeats its answers to the foregoing paragraphs and incorporates them herein by reference.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

## THIRD CAUSE OF ACTION:

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

74.     Defendant repeats its answers to the foregoing paragraphs and incorporates them herein by reference.

75.     Admitted.

76.     It is admitted that Defendant was aware that Plaintiff had customers who had ordered spinners.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.    Denied.

82.    Denied.

83.    Denied.

## AFFIRMATIVE DEFENSES

1.    The complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's failure to pay Defendant for the production of spinners excused further performance by Defendant.

3.    The Court does not have subject matter jurisdiction over this civil action as Plaintiff's demand does not satisfy the jurisdictional amount of 28 U.S.C. § 1332.


WHEREFORE, Defendant requests that the Court dismiss the Complaint with prejudice and grant such other and further relief as the interests of justice require.

Dated:  February 24, 2006

MORRIS NICHOLS ARSHT & TUNNELL LLP

William H. Sudell, Jr. (No. 463)
Curtis S. Miller (No. 6258)
1201 N. Market Street
Wilmington, DE  19899-1347
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

Attorneys for Defendant,
RC Components, Inc.

504771