IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RIMMAX WHEELS, LLC, a Delaware limited
liability company,

    Plaintiff,

  v.           C.A. No. 06-029 (SLR)

RC COMPONENTS, INC., a Kentucky
corporation,

    Defendant.

## ORDER

  At Wilmington this _____ day of _____, 2006, the parties
having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a
pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

  IT IS ORDERED THAT:

  1.  **Pre-Discovery Disclosures.**  The parties have exchanged the information
required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

  2.  **Discovery.**

    (a)  Discovery will be needed on the following subjects:

      –  Any agreement between the parties on the creation, design,
manufacture, cost of inventory and production of the spinners; and

      –  Amounts owing from the order, inventory build up,
and manufacture of the spinners, including any other damages.

    (b)  All discovery shall be commenced in time to be completed by
October 2, 2006.

(c)     Maximum of 40 interrogatories by each party to any other party.

(d)     Maximum of 40 requests for admission by each party to any other party.

(e)     Maximum of 10 depositions by plaintiff and 10 by defendant.

(f)     Each deposition is limited to a maximum of 8 hours except for Marc Mathis, Mike Rivers and Rick Ball, whose depositions are limited to a maximum of 16 hours unless extended by agreement of parties.

(g)     Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by November 1, 2006. Rebuttal expert reports due by December 1, 2006.

(h)     **Discovery Disputes.**  Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37.  During the course of discovery, each party is limited to **two (2)** Rule 37 motions.  The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.     **Joinder of Other Parties, Amendment of Pleadings and Class Certification.**  All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before October 2, 2006.

4.     **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.     **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before December 1, 2006.  Briefing shall be

pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)**
days from the above date without leave of the Court.

      6.    **Applications by Motion.**  Any application to the Court shall be by written
motion filed with the clerk.  Unless otherwise requested by the Court, counsel shall not deliver
copies of papers or correspondence to chambers.  **Any non-dispositive motion shall contain the
statement required by D. Del. LR 7.1.1.**

      7.    **Motions in Limine.**  All motions *in limine* shall be filed on or before **two
weeks before pretrial conference**.  All responses to said motions shall be filed on or before **one
week before pretrial conference**.

      8.    **Pretrial Conference.**  A pretrial conference will be held on
_____ at _____ m. in Courtroom 6B, Sixth Floor Federal Building, 844 King
Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall
govern the pretrial conference.

      9.    **Trial.**  This matter is scheduled for a **[day/week]** bench/jury trial
commencing on _____ in Courtroom 6B, Sixth Floor Federal Building,
844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the
parties should plan on being allocated a total number of hours in which to present their respective
cases.

 

_____
United States District Judge

518828