IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RIMMAX WHEELS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-029 (SLR) |
| RC COMPONENTS, INC., a Kentucky corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANT
RC COMPONENTS, INC., TO TRANSFER PROCEEDING**

June 14, 2006

MORRIS NICHOLS ARSHT & TUNNELL LLP
William H. Sudell, Jr. (No. 463)
Curtis S. Miller (No. 6258)
1201 N. Market Street
Wilmington, DE 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

Attorneys for Defendant,
RC Components, Inc.

i.

TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                        ii

PRELIMINARY STATEMENT                                                      1

BACKGROUND                                                                 2

RELIEF REQUESTED                                                           3

BASIS FOR REQUESTED RELIEF                                                 4

    A.    The Private Interests Weigh Heavily In Favor Of A
          Transfer To Kentucky                                   5

    B.    The Public Interests Weigh Heavily In Favor Of A Transfer
          To Kentucky                                           9

CONCLUSION                                                                12

ii.

TABLE OF CITATIONS

Page(s)

Cases

APV North Am., Inc. v. SIG Simonazzi North Am., Inc.,
    295 F. Supp. 2d 393 (D. Del. 2002)           4, 5, 7

At Home Corp. v. Cox Communications,
    Civ. A. No. 02-1486, 2003 WL 22350925
    (D. Del. Oct. 8, 2003)           7, 10

Brown v. Smith Drug Co.,
    Civ. A. No. 98-494 SLR, 1999 WL 709992
    (D. Del. Aug. 18, 1999)           5, 6, 7, 10

Chase Manhattan Mortgage Corp. v. Advanta Corp.,
    Civ. A. NO. 01-507 KAJ, 2005 WL 2234608
    (D. Del. Sept. 8, 2005)           11

David B. Lilly Co., Inc. v. Fisher,
    18 F.3d 1112 (3d Cir. 1994)           11

Jumara v. State Farm Insurance Co.,
    55 F.3d 873 (3d Cir. 1995)           4, 5

Miroslav ANIC v. DVI Fin. Servs., Inc. (In re DVI, Inc.),
    No. 03-12656, 2004 WL 1498593 (D. Del. June 23, 2004)           7, 10

Niemann v. Rogers,
    802 F. Supp. 1154 (D. Del. 1992)           11

Nilssen v. Osram Sylvania, Inc.,
    Civ. A. No. 00-695 JJF, 2001 WL 34368395
    (D. Del. May 1, 2001)           7

The Original Creatine Patent Co., Ltd. v. Kaizen, Inc.,
    Civ. A. No. 02-471 SLR, 2003 WL 179996
    (D. Del. Jan. 22, 2003)           9, 10

Statutes And Other Authorities

28 U.S.C. § 1404(a)           3, 4, 12

1.

## PRELIMINARY STATEMENT

The convenience of the parties and witnesses compels a transfer of this case to the Western District of Kentucky. This lawsuit, stripped to its essence, is simply a collection action whereby the Plaintiff seeks to recover approximately $31,096.80 from RC Components, Inc. ("RC"). See Complaint at ¶ 45, 47, 59, 60. Plaintiff's efforts to bring this collection action in Delaware against RC, a Kentucky corporation, which has no employees, stores, or records in this State, is extremely inconvenient to RC and the witnesses that are an integral part of this case.

As set forth in the Complaint, all of the allegedly wrongful acts took place in Kentucky. RC designed, engineered, and manufactured the "spinners,[1]" shipped finished product, and communicated with Plaintiff in Kentucky. Under these circumstances, this action's connection to Delaware is extremely tenuous and it would be inconvenient, expensive, and inequitable to force RC to litigate in this District.

Additionally, two key non-party witnesses have stated their unwillingness to travel to Delaware to testify. Testimony from these witnesses will be a necessary part of RC's defenses (and likely Plaintiff's claims), yet both witnesses reside outside of the subpoena power of this Court. For these reasons, and as further set forth below, this case should be transferred to the Western District of Kentucky.

---

[1]     The spinners at issue in this case are motorcycle rims that have an ornamental design on the wheel face which rotates while the motorcycle is in motion.

2.

## BACKGROUND

On January 12, 2006, Plaintiff filed the Complaint alleging that the RC was liable to it under various theories, including breach of contract, fraud, and intentional interference with contractual relations relating to RC's design, manufacture, and sale of spinners for Plaintiff.  Plaintiff alleges in the Complaint that RC is liable to it for $31,096.80 as RC refused to return Plaintiff's payment for spinners.  Complaint at ¶ 45, 47, 59, 60.

On February 24, 2006, RC filed its Answer to the Complaint.  In the Answer, RC denied that it has any liability to Plaintiff.

RC is a Kentucky corporation located at 373 Mitch McConnell Way, Bowling Green, KY 42101.  RC does not have any stores, distribution centers, or manufacturing facilities in the state of Delaware.  RC's only presence in this state is through independently owned dealers that sell motorcycle products, including some products manufactured by RC, to the public.  At all relevant time periods, RC manufactured the spinners, shipped finished products, and communicated with Plaintiff in Kentucky.  Further, at all times relevant to the allegations in the Complaint, neither RC nor its agents were present in Delaware.

All of RC's employees, files, and ex-employees, that may be relevant to the allegations in the Complaint, are located or reside in Kentucky.  Additionally, two ex-employees of RC, Jim Cooper (RC's former sales manager who purported to sign a confidentiality agreement with Plaintiff on RC's behalf) and Charles Skarsaune (RC's former mechanical engineer and designer of the spinners), both of whom are of central importance to RC's defenses and Plaintiff's claims, reside in Kentucky and outside of this

3.

Court's subpoena power.  As set forth in their Affidavits (attached hereto as Exhibits A and B respectively), neither of these individuals is willing to travel to Delaware to testify.

Nowhere in the Complaint does Plaintiff allege that RC or any of its agents traveled to Delaware or that any of the activities underlying the dispute between RC and Plaintiff took place in Delaware, other than telephone conversations between Plaintiff's Principles and RC.  To the contrary, Plaintiff alleges that it initiated its dealings with RC by contacting RC in Kentucky and by its principles', Michael Rivers, Jr. and Marc Mathis ("Plaintiff's Principles"), travels to Kentucky to visit and tour RC's facilities.  Complaint at ¶ 22.

In the Complaint, Plaintiff alleges that it "operates" within Delaware. Upon information and belief, however, Plaintiff has no physical store in Delaware and merely conducts its business through a postal box located in a UPS store in Bear, Delaware.  Further, according to Plaintiff's pleadings and correspondence between RC and Plaintiff, Plaintiff's lead counsel is from Washington state and its patent counsel is from Arizona.

In the Complaint, Plaintiff asserts that there is diversity of citizenship between the parties.  Complaint at ¶ 3.  Based on this diversity of citizenship, this action could have been brought in the United States District Court for the Western District of Kentucky.

## RELIEF REQUESTED

By the Motion, RC requests that the Court enter an order transferring this action to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a).

4.

## BASIS FOR REQUESTED RELIEF

Application of the plain language of 28 U.S.C. § 1404(a) and the private and public interest factors outlined by the Third Circuit in Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995), to the facts in this case demonstrate that a convenience transfer to Kentucky is warranted. Section 1404(a) of title 28 provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Not limiting itself to the factors enumerated in section 1404(a), the Third Circuit has provided a list of private and public interest factors that assist a court in evaluating whether an action should be transferred to another district. The private interests include:

> (1) whether the action could have been properly brought in the proposed transferee court; (2) the convenience of the parties due to their relative physical and financial conditions; (3) the convenience of the expected witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (4) the location of books and records, to the extent that these books and records could not be produced in a certain forum.

The public interests include:

> (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion; (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases.

APV North Am., Inc. v. SIG Simonazzi North Am., Inc., 295 F. Supp. 2d 393, 398 (D. Del. 2002) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).

A.    The Private Interests Weigh Heavily In Favor Of A
      Transfer To Kentucky

As a threshold matter, it is worth noting that there is no forum selection clause set forth in any agreement between the Plaintiff and RC.[2] Thus, there is no "manifestation of the parties' preference" that this litigation proceed in Delaware. See Jumara, 55 F.3d at 880. The remaining private interest factors, however, strongly favor a transfer of this action to the Western District of Kentucky.

First, it is undisputable that this action could have properly been brought in the Western District of Kentucky. There is complete diversity of citizenship between RC and Plaintiff and, therefore, Plaintiff could have filed this action in Kentucky. See Brown v. Smith Drug Co., Civ. A. No. 98-494 SLR, 1999 WL 709992, at *6 (D. Del. Aug. 18, 1999).

Second, the burden and extreme inconvenience to RC to litigate this $31,096.80 collection action in Delaware is substantial. Contrary to Plaintiff's unsupported implication in the Complaint, see Complaint at ¶ 12, RC is not a large manufacturing company that can easily shoulder the cost associated with litigating far from its place of business. See Rick Ball Affidavit (the "Ball Affidavit") at ¶ 3, 4 (a copy of the Ball Affidavit is attached hereto as Exhibit C). To the contrary, RC will suffer significant hardship and expense if forced to litigate in this District. Ball Affidavit at ¶ 4. Evidencing the undue burden of litigating in Delaware is the fact that RC has no stores, employees, or files in the state of Delaware and that all of this material would have to be transported from Kentucky. See APV, 295 F. Supp. 2d at 399 (holding that where the

---

[2]    Indeed, it is far from clear that there is any valid formal expression of the parties' agreement to transact business with one another.

6.

witnesses and documents are located in another forum, transfer is favored). Under these circumstances, forcing RC and its employees to travel over 750 miles to litigate in Delaware, when there is a much less expensive local alternative, weighs heavily in favor of transfer.    See Brown, 1999 WL 709992, at *6 (SLR) (holding that "[a]lthough technical advances have reduced the burden of having to litigate in a distant forum . . . forcing . . . defendants . . . to travel hundreds of miles to testify . . . weighs heavily in favor of transfer.").

On the other hand, neither Plaintiff nor its Principles face a similar burden if this Court were to transfer this action to Kentucky. As noted above, Plaintiff does not have any physical store in this state. Although incorporated in Delaware, Plaintiff's address is simply a postal box located in a UPS store in Bear, Delaware. Thus, Plaintiff will likely not have the burden of moving large amounts of materials or paying for employees to travel to testify in Kentucky (if it even has any). Additionally, neither Plaintiff's lead counsel nor its patent counsel is from this state; Plaintiff's lead counsel is an attorney from Washington State and its patent counsel is an attorney from Arizona. Thus, Plaintiff can hardly plead that it will be unfairly burdened by litigating in Kentucky when it is already necessary for its counsel to travel across the United States to litigate in Delaware.

Further, the allegations at issue all relate to activities that took place in Kentucky. RC designed, manufactured, and shipped the spinners from its plant in Kentucky. Plaintiff asserts in the Complaint that "[a] substantial part of the events or omissions giving rise to plaintiff's claims occurred within the judicial district of the U.S. District Court for the District of Delaware." See Complaint at ¶ 4. This allegation is

belied, however, by the fact that the only actions Plaintiff alleges to have taken place in Delaware relevant to this dispute are phone calls between RC (in Kentucky) and Plaintiff (in Delaware). Needless to say, this case's connection to Delaware is tenuous at best and, accordingly, applicable precedent provides that a transfer to Kentucky is less inconvenient to Plaintiff as it chose to sue in a forum where the alleged wrongful activity did not occur. See At Home Corp. v. Cox Communications, Civ. A. No. 02-1486, 2003 WL 22350925, at *2 (D. Del. Oct. 8, 2003) (holding that where a plaintiff has failed to show that any of the relevant acts or transactions occurred in Delaware, the case should be transferred); APV, 295 F. Supp. 2d at 399 (quoting Brunswick Corp. v. Pecor, Inc., C.A. No. 00-691 GMS, at *4 (D. Del. Dec. 12, 2000).

Third, and most importantly, two key non-party witnesses have stated their unwillingness to travel to Delaware to testify at trial. The convenience of witnesses is the most important factor in venue transfer analysis. Nilssen v. Osram Sylvania, Inc., Civ. A. No. 00-695 JJF, 2001 WL 34368395 (D. Del. May 1, 2001) (citing Mentor Graphics v. Quickturn Design Sys., Inc., 77 F. Supp. 2d 505, 510 (D. Del. 1999)). This Court has repeatedly held that the presence of witnesses, particularly "key" witnesses, outside of the subpoena power of the Court weighs heavily in favor of transferring an action to a jurisdiction where attendance may be compelled. See Miroslav ANIC v. DVI Fin. Servs., Inc. (In re DVI, Inc.), No. 03-12656, 2004 WL 1498593, at *2 (D. Del. June 23, 2004) (citations omitted); Brown, 1999 WL 709992, at *6. This Court has further advised that "it has . . . rejected the argument made by [plaintiffs] that deposition testimony may serve as an adequate substitute for material non-party witnesses that a party is unable to procure for trial" as deposition testimony is "'unlikely to hold the rapt attention of a jury.'"

Nilssen, 2001 WL 34368395, at *3 (quoting AlliedSignal, Inc. v. Cooper Auto., Inc., 1997 U.S. Dist. LEXIS 22902, at *11 n. 4 (D. Del. July 30, 1997)); DVI, 2004 WL 1498593, at *2 (citing Nilssen v. Everbrite, Inc., C.A. No. 00-189 JJF, 2001 WL 34368396, at *3 (D. Del. Feb. 16, 2001)).

As set forth in the Cooper Affidavit, Jim Cooper, an ex-sales manager of RC, has stated that he would be unwilling to testify at trial due to the inconvenience and burden associated with travel if this action were litigated in Delaware. See Cooper Affidavit at ¶ 3. Mr. Cooper's testimony and availability for trial is of paramount importance for both parties as two of the three counts of the Complaint are based, at least in part, upon Mr. Cooper's unauthorized execution of the confidentiality agreement.

Further, Charles Skarsaune, an ex-mechanical engineer of RC, has also stated that he is unwilling to travel to Delaware to testify. See Skarsaune Affidavit at ¶ 3. Although Plaintiff's Principles claim to have "invented" the spinners, it was Mr. Skarsaune, while in the employ of RC, who created the schematics, designs, and engineered the spinners for manufacturing. Clearly, Mr. Skarsaune's testimony regarding Plaintiff's claim that RC wrongly failed to return confidential information and proprietary technology is highly probative to the claims and defenses in this case. Based on the unavailability of and inconvenience to these key witnesses, the private interests strongly weigh in favor of transferring this action to the Western District of Kentucky.

In sum, the private interests weigh heavily in favor of a transfer. RC has no employees, stores, or records in this state. All of these items are located in Kentucky. In addition, the alleged wrongful acts did not take place in Delaware; they took place in Kentucky. Finally, and most importantly, two key witnesses in this action are outside of

the subpoena power of this Court and have stated their unwillingness to travel to Delaware to testify. Under these circumstances, the private interests compel a transfer of this action to the Western District of Kentucky.

> B.     The Public Interests Weigh Heavily In Favor Of A
>        Transfer To Kentucky

The public interests also weigh heavily in favor of a transfer to the Western District of Kentucky. First, this case is in its infancy. No dispositive motions have been filed, neither party has responded to discovery, and trial is not scheduled to occur until March 12, 2007. Under these circumstances, there will be little if any duplication of effort if this Court transfers this action to the Western District of Kentucky.

Additionally, the practical considerations related to a trial weigh heavily in favor a transfer. As noted above, the expense and hardship of a trial in Delaware is particularly acute for RC. All of RC's employees and files are located in Kentucky and two of its key witnesses are outside of the subpoena power of this Court. This hardship demonstrates that the practical considerations that could make the trail easy, expeditious or inexpensive, weighs heavily in favor of a transfer to Kentucky. See The Original Creatine Patent Co., Ltd. v. Kaizen, Inc., Civ. A. No. 02-471 SLR, 2003 WL 179996, at *4 (D. Del. Jan. 22, 2003).

Second, the public interest factor regarding the enforceability of a judgment would be less difficult in Kentucky (if Plaintiff were to prevail in this litigation) as RC's property is located in that state. Thus, this factor also weighs in favor of a transfer.

Third, the factor that considers the relative administrative difficulty in the two fora resulting from court congestion also weighs in favor of a transfer. According to the Administrative Office of the United States Courts, as of 2005, there were 1,853 cases pending in Delaware, compared to 1,570 cases in the Western District of Kentucky. Additionally, each District Court judge in Delaware had 463 pending cases while each judge in the Western District of Kentucky had 349 cases. Evidencing the consequence of this higher caseload is the fact that judges in this District have on average 156 civil cases that have been pending for more than three years, while the judges in the Western District of Kentucky have eighty. See United States District Courts Statistical Reports, available at http://www.uscourts.gov/district_statreports.htm. These statistics demonstrate that the administrative difficulty from court congestion also weighs in favor of a transfer.

The public factors of 1) the local interest in deciding local controversies at home and 2) the public policies of the fora also weigh heavily in favor of a transfer. As set forth above, none of the actions that are allegedly wrongful took place in Delaware. RC is a Kentucky corporation that designed, manufactured, sold, and shipped the spinners from its plant in Kentucky. See Kaizen, 2003 WL 179996, at *4 (holding that where the defendant is a corporation incorporated and conducting business in the transferee forum, the transferee forum has a particular interest in deciding the controversy). Indeed, Plaintiff has failed to even allege in the Complaint that any of the wrongful acts took place in this state. Thus, although this Court may have jurisdiction to decide this controversy, these issues concern acts that took place in Kentucky and should be decided by a member of the bar of that state. See DVI, 2004 WL 1498593, at *3 (holding that the public interests weighed in favor of transfer as a number of the events in

11.

the litigation arose in the transferee forum); At Home, 2003 WL 2235092 5, at *2; Brown, 1999 WL 709992, at *7 (finding that the tenuous connection to Delaware, combined with the fact that none of the allegedly wrongful acts took place in Delaware, weighed strongly in favor of transfer).

The final public interest factor, the trial judge's familiarity with the applicable state law in diversity cases, also weighs in favor of transfer.    At least two of the three counts in the complaint, Counts II and III, are tort theories of liability. Because all of the allegedly wrongful actions took place in Kentucky, these   actions will be decided pursuant to an application of Kentucky common law.  See David B. Lilly Co., Inc. v. Fisher, 18 F.3d 1112, 1118-19 (3d Cir. 1994) (holding that a federal court sitting in diversity jurisdiction applies the choice of law rules of the state in which it sits and that Delaware has adopted the "most significant relationship" test for determining which state's substantive tort laws apply)(citation omitted); Niemann v. Rogers, 802 F. Supp. 1154, 1156, 1156 n.1 (D. Del. 1992) (same); Chase Manhattan Mortgage Corp. v. Advanta Corp., Civ. A. NO. 01-507 KAJ, 2005 WL 2234608, at *12 (D. Del. Sept. 8, 2005) (same).  The final count, breach of contract, may be decided,  at least in part, pursuant to Delaware substantive law.  On balance, however, two of the three Counts of the Complaint will be decided by Kentucky substantive law and, accordingly, RC submits that this final public interest factor also weighs in favor of a transfer to the Western District of Kentucky.

12.

## CONCLUSION

In sum, the private and public interests strongly favor a transfer of this action to the Western District of Kentucky. This litigation has little, if any, connection to this state and, accordingly, a convenience transfer pursuant to 28 U.S.C. § 1404(a) is warranted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William H. Sudell, Jr. (No. 463)
Curtis S. Miller (No. 6258)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Attorneys for Defendant,
RC Components, Inc.

June 14, 2006

521094