IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RIMMAX WHEELS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-029 (SLR) |
| RC COMPONENTS, INC., a Kentucky corporation, | ) ) ) | |
| Defendant. | ) ) | |

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANT
RC COMPONENTS, INC., TO TRANSFER PROCEEDING**

June 30, 2006                    MORRIS NICHOLS ARSHT & TUNNELL LLP

William H. Sudell, Jr. (No. 463)
Curtis S. Miller (No. 4583)
1201 N. Market Street
Wilmington, DE  19899-1347
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

Attorneys for Defendant,
RC Components, Inc.

i.

## TABLE OF CONTENTS

                                                                          Page

TABLE OF CITATIONS                                                          i

SUMMARY OF REPLY                                                            1

ARGUMENT                                                                    1

    I.    THE PRIVATE INTEREST FACTORS SUPPORT A
        TRANSFER                                             2

    II.   THE PUBLIC INTEREST FACTORS FAVOR A TRANSFER         5

CONCLUSION                                                                  8

TABLE OF CITATIONS

Page(s)

Cases

Affymetrix, Inc. v. Synteni, Inc.,
    28 F. Supp. 2d 192 (D. Del. 1998)    5

AlliedSignal, Inc. v. Cooper Auto., Inc.,
    1997 U.S. Dist. LEXIS 22902 (D. Del. July 30, 1997)    4

APV North Am., Inc. v. SIG Simonazzi North Am., Inc.,
    295 F. Supp. 2d 393 (D. Del. 2002)    2, 3

At Home Corp. v. Cox Communications,
    Civ. A. No. 02-1486, 2003 WL 22350925 (D. Del. Oct. 8, 2003)    2, 3

Brunswick Corp. v. Pecor, Inc.,
    C.A. No. 00-691 GMS (D. Del. Dec. 12, 2000)    2

Chase Manhattan Mortgage Corp. v. Advanta Corp.,
    Civ. A. NO. 01-507 KAJ, 2005 WL 2234608 (D. Del. Sept. 8,
    2005)    6

David B. Lilly Co., Inc. v. Fisher,
    18 F.3d 1112 (3d Cir. 1994)    6

Jumara v. State Farm Insurance Co.,
    55 F.3d 873 (3d Cir. 1995)    1, 2, 8

Miroslav ANIC v. DVI Fin. Servs., Inc. (In re DVI, Inc.),
    No. 03-12656, 2004 WL 1498593 (D. Del. June 23, 2004)    4

Niemann v. Rogers,
    802 F. Supp. 1154 (D. Del. 1992)    6

Nilssen v. Osram Sylvania, Inc.,
    Civ. A. No. 00-695 JJF, 2001 WL 34368395 (D. Del. May 1,
    2001)    4

Pennwalt Corp. v. Purex Indus., Inc.,
    659 F. Supp. 287 (D. Del. 1986)    4

Peregrine Myanmar v. Segal,
    89 F.3d 41 (2d Cir. 1996)    4

<u>Sandvik AB v. Advent Int'l Corp.</u>,
     83 F. Supp. 2d 442 (D. Del. 1999)                            5

<u>Other Authorities</u>

28 U.S.C. § 1404                              1, 2

F.R.C.P. Rule 12                             2

1.

## SUMMARY OF REPLY

The Court should grant the Motion to Transfer (the "Motion"). As set forth in its Brief in Support of Motion of Defendant RC Components, Inc. ("RC"), to Transfer Proceedings (the "Opening Brief"), the private and public interest factors of <u>Jumara v. State Farm Insurance Co.</u>, 55 F.3d 873 (3d Cir. 1995), weigh strongly in favor of transferring this action to the Western District of Kentucky.

In its Brief in Opposition to Defendant's Motion to Transfer (the "Opposition"), Plaintiff does not even attempt to dispute that most of the facts and considerations relevant to a Section 1404(a) (as defined below) transfer weigh heavily in favor of transfer. Instead, Plaintiff makes numerous misguided arguments that have no bearing on a motion to change venue. With respect to the few relevant statements Plaintiff does make, Plaintiff does not cite to any precedent of this Court that supports its position or attempt to distinguish the cases cited by RC demonstrating that a venue transfer is not only appropriate, but necessary. Under these circumstances, the Court should grant the Motion and transfer this action to the Western District of Kentucky.

## ARGUMENT

As an initial matter, RC notes that Plaintiff does not contest that it could have properly filed this action in Kentucky. Accordingly, the requirement of proper venue in the transferee jurisdiction under 28 U.S.C. § 1404(a) ("Section 1404(a)")(providing that a district court may transfer a "civil action to any other district of division where it might have been brought"), is satisfied.

I.    **THE PRIVATE INTEREST FACTORS SUPPORT A TRANSFER**

As demonstrated in the Motion, the Jumara private interest factors weigh heavily in favor of transfer. Indeed, the relevant considerations are largely undisputed by Plaintiff.

Plaintiff argues that because RC sells products it manufactures to third party independent dealers in Delaware, irrespective of whether such products have any connection to this case, this somehow defeats a request for a convenience transfer under Section 1404(a). Plaintiff does not (and cannot), however, argue that the principal *activities relevant to this action* took place in this State. This is because RC engineered, designed, manufactured, and shipped the spinners from its plant in Kentucky. These activities underlie the core allegations of the Complaint and, under this Court's precedent, the fact that they occurred in Kentucky weighs strongly in favor of transfer. See At Home Corp. v. Cox Communications, Civ. A. No. 02-1486, 2003 WL 22350925, at *2 (D. Del. Oct. 8, 2003) (holding that where a plaintiff has failed to show that any of the relevant acts or transactions occurred in Delaware, the case should be transferred); APV North Am., Inc. v. SIG Simonazzi North Am., Inc., 295 F. Supp. 2d 393, 399 (D. Del. 2002) (quoting Brunswick Corp. v. Pecor, Inc., C.A. No. 00-691 GMS, at *4 (D. Del. Dec. 12, 2000)).

In an apparent attempt to rebut the undisputable fact that most of the pertinent activities occurred in Kentucky, Plaintiff argues that "[t]his Court is the *proper venue* for this action." Opposition at p. 13 (emphasis added). Needless to say, whether venue is proper in Delaware is entirely irrelevant to the question of whether this Court should grant a convenience transfer. Obviously, a motion to transfer venue under Section 1404(a) assumes the existence of proper venue in the transferor jurisdiction. See 28 U.S.C. § 1404(a). Had RC believed that

venue was improper in this District, it would have filed a motion to dismiss under Rule 12(b)(3)

of the Federal Rules of Civil Procedure, not a motion to transfer venue.

Additionally, Plaintiff provides no proof that the burden on RC to litigate this

$31,096.80 collection action in Delaware is anything less than substantial. Plaintiff cannot rebut

the fact that RC has no stores, employees, or files in Delaware and that all of this would have to

be transported from Kentucky for trial. Under District of Delaware precedent, these facts weigh

in favor of transfer. See At Home, 2003 WL 22350925, at *2; APV, 295 F. Supp. 2d at 339.

Plaintiff also does not legitimately dispute that the burden of a transfer on it is not

as significant as the burden on RC in litigating in Delaware. As set forth in the Opening Brief,

Plaintiff has no physical store and no employees in Delaware that would have to be transported

to Kentucky for trial.

Plaintiff further concedes in the Opposition that one of one of its attorneys is from

the State of Washington.[1] Accordingly, Plaintiff cannot assert that it will be unfairly burdened

by litigating in Kentucky as it is already necessary for its counsel to travel from Washington to

litigate in this District. Under these circumstances, any increase in litigation expense for Plaintiff

as a result of a transfer would be minimal. Furthermore, the Court should conclude that

Plaintiff's retention of multiple sets of attorneys to litigate this action (not to mention a third

attorney in Arizona who Plaintiff apparently uses as its patent counsel[2]) demonstrates that

---

[1]    For the first time, Plaintiff states in its Opposition that its lead counsel is its local counsel. Plaintiff, however, fails to explain why, if Mr. Crosse, a Delaware attorney, is its true lead counsel, it has any need to retain the services of Ms. Sulton, an attorney who resides in the State of Washington.

[2]    Plaintiff states in the Opposition that "there is no patent attorney of record in this case." Tellingly, Plaintiff does not deny that it has retained an experienced intellectual property attorney from Arizona from the law firm Snell & Wilmer, which is revealed by a letter

(continued . . .)

Plaintiff is more than financially able to litigate in Kentucky, the state where the majority of the events in question took place.

Finally, Plaintiff is unable to rebut the fact that the unavailability of two key non-party witnesses, both of whom reside outside the subpoena power of this Court, compels a transfer of this action to Kentucky.  Apparently recognizing this, Plaintiff does not even attempt to distinguish the precedent cited by RC from this Court holding that the presence of key non-party witnesses outside the subpoena power of the court is the "most important factor in venue transfer analysis."  See  Nilssen v. Osram Sylvania, Inc., Civ. A. No. 00-695 JJF, 2001 WL 34368395 (D. Del. May 1, 2001)(citation omitted); Pennwalt Corp. v. Purex Indus., Inc., 659 F. Supp. 287, 291 (D. Del. 1986)("The availability of witnesses, in particular the amenability of nonparty witnesses to subpoena, is in the context of this case the most crucial factor in deciding this motion to transfer"); see also Miroslav ANIC v. DVI Fin. Servs., Inc. (In re DVI, Inc.), No. 03-12656, 2004 WL 1498593, at *2 (D. Del. June 23, 2004) (citations omitted).   Instead, Plaintiff retreats to an argument this Court has repeatedly rejected: that a substitute for live trial testimony, i.e. through video deposition testimony or video-conferencing, will cure the undue prejudice RC will suffer as a result of these witnesses' unavailability for a jury trial.  See Nilssen, 2001 WL 34368395, at *3 (quoting AlliedSignal, Inc. v. Cooper Auto., Inc., 1997 U.S. Dist. LEXIS 22902, at *11 n. 4 (D. Del. July 30, 1997)); DVI, 2004 WL 1498593, at *2 (citation omitted).

The only case relied on by Plaintiff in support of its argument that the unavailability of these witnesses does not compel a transfer, Peregrine Myanmar v. Segal, 89

_____

(. . . continued)
     produced as part of Plaintiff's initial disclosures.  A copy of this letter is attached hereto as Exhibit A.

F.3d 41 (2d Cir. 1996), does not even concern a motion to transfer under Section 1404(a).

Peregrine involved the Ninth Circuit's review of a district court's decision not to dismiss an

action under the doctrine of *forum non conveniens*. As this Court is well aware, the question of

whether a court should decline to exercise its jurisdiction in exceptional cases on the basis of

*forum non conveniens* is distinct from whether a statutory transfer under Section 1404(a) is

appropriate. See Sandvik AB v. Advent Int'l Corp., 83 F. Supp. 2d 442, 449 (D. Del. 1999);

Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 198 n.5 (D. Del. 1998)(citations

omitted)("the showing that [the movants] must make in order to prevail on their motions [to

transfer] is necessarily something less than that required under the doctrine of *forum non*

*conveniens*."). Under these circumstances, the Court should follow established precedent from

this District and conclude that the unavailability of the two key non-party witnesses mandates a

transfer of this action to the Western District of Kentucky.

In sum, as Plaintiff cannot rebut the numerous undisputed facts that favor a

convenience transfer, this Court should conclude that its limited time and resources are better

spent dealing with matters whose core facts have a strong connection to Delaware and transfer

this $32,000.00 collection action to a more appropriate forum.

## II.    THE PUBLIC INTEREST FACTORS FAVOR A TRANSFER

As with the private interest factors, Plaintiff largely fails to address the public

interest factors that support transferring this case to Kentucky. With respect to the few factors

Plaintiff does address, a close examination of its arguments reveals that they are without merit.

First, RC strongly disputes Plaintiff's allegation that RC "reach[ed] into Delaware

to solicit plaintiff's business." Opposition at p. 5. Belying this assertion is Plaintiff's averment in

the "Statement of Facts" section of the Opposition, where it states that "[i]n 2002, *plaintiff*

6.

contacted [Rick] Ball [RC's principal] at RC via e-mail and told Ball plaintiff was looking for a manufacturer of its spinners." Opposition at ¶ 5 (emphasis added). Plaintiff further alleges that "Plaintiff, in the persons of Rivers and Mathis, traveled to RC's facility in Kentucky." Opposition at ¶ 13. By Plaintiff's own allegations, it was Plaintiff that "reached" into Kentucky to proposition RC, not the other way around.

Plaintiff also argues that this case should not be transferred because Delaware substantive law governs the fraud counts of its Complaint. Plaintiff fails, however, to recognize that, because the source of this Court's subject matter jurisdiction (if one assumes that the amount in controversy requirement is met) is diversity jurisdiction, this Court must apply Delaware choice of law rules, which utilize the "most significant relationship" test. See David B. Lilly Co., Inc. v. Fisher, 18 F.3d 1112, 1118-19 (3d Cir. 1994) (holding that a federal court sitting in diversity jurisdiction applies the choice of law rules of the state in which it sits and that Delaware has adopted the "most significant relationship" test for determining which state's substantive tort laws apply)(citation omitted); Niemann v. Rogers, 802 F. Supp. 1154, 1156, 1156 n.1 (D. Del. 1992) (same); Chase Manhattan Mortgage Corp. v. Advanta Corp., Civ. A. NO. 01-507 KAJ, 2005 WL 2234608, at *12 (D. Del. Sept. 8, 2005) (same). Because all of the *relevant* activities in this case took place in Kentucky, it is apparent that Kentucky substantive law governs at least two of the three counts of the Complaint under this test.[3]

---

[3]    RC also submits that the breach of contract count should be governed by Kentucky substantive law. Plaintiff asserts that an "Agreement Regarding Confidential Information and Intellectual Property" dated August 20, 2002 (the "Confidentiality Agreement"), is an agreement wherein RC promised to manufacture spinners for Plaintiff. Opposition at p. 4. Apart from the fact that RC disputes that the Confidentiality Agreement is valid and/or binding, this agreement expressly states that it concerns only the exchange of confidential or proprietary information. It does not purport to be a manufacturing agreement. Thus, a large portion of Count I of the Complaint, which contains allegations

(continued . . .)

7.

Finally, but not unimportantly, Plaintiff does not contest the fact that the Western District of Kentucky has a significantly less congested docket than this District, largely due to the fact that this Court handles many of the most complex intellectual property disputes in the country. Accordingly, the Court should find that this factor also weighs heavily in favor of a transfer.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

(. . . continued)

    that RC failed to manufacture spinners for Plaintiff in breach of their contract, would not be controlled by any choice of law provision in this agreement and also be subject to the "most significant relationship" test.

8.

## CONCLUSION

As set forth above, the Court should conclude that the Jumara private and public interest factors weigh strongly in favor of a Section 1404(a) transfer and transfer this action to the Western District of Kentucky.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

William H. Sudell, Jr. (No. 463)
Curtis S. Miller (No. 6258)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

Attorneys for Defendant,
RC Components, Inc.

June 30, 2006

526982