IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIMMAX WHEELS, LLC | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 06-029 (SLR) |
| RC COMPONENTS, INC., | : |
|     Defendant. | : |

**DEFENDANT RC COMPONENTS, INC.'S MOTION TO COMPEL DISCOVERY
FROM PLAINTIFF RIMMAX WHEELS, LLC**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant RC Components, Inc. ("RC"), hereby moves (the "Motion") this Court for an order, in the form attached hereto as Exhibit A, compelling Plaintiff Rimmax Wheels, LLC ("Plaintiff") to produce documents responsive to RC's First Request for Production of Documents Directed to Plaintiff (the "Document Requests") served on Plaintiff on July 5, 2006. In support of the Motion, RC respectfully states as follows:

**BACKGROUND**

1. On January 13, 2006, Plaintiff filed the complaint in this action (the "Complaint") (D.I. 1) alleging that RC was liable to it for unspecified damages under various theories of liability, including breach of contract, fraud, and intentional interference with contractual relations. On February 24, 2006, RC filed its answer (the "Answer") denying most of the material allegations in the Complaint.

2. On July 5, 2006, RC served Plaintiff with the Document Requests. A copy of the Document Requests is attached hereto as Exhibit B. On August 15, 2006, Plaintiff

served its Response to the Defendant's First Request for Production of Documents (the "Document Production"). A copy of the Document Production is attached hereto as <u>Exhibit C</u>. During RC's deposition of one of the Plaintiff's principals, Marc Mathis, it became clear that the Document Production did not include certain documents relevant to Plaintiff's claims, RC's defenses, and Plaintiff's calculation and theory of damages.

3.  On September 28, 2006, RC sent Plaintiff a letter outlining the deficiencies in the Document Production and requested that Plaintiff supplement its production (the "Letter"). A copy of the Letter is attached hereto as <u>Exhibit D</u>. On October 4, 2006, counsel for RC sent counsel for Plaintiff an e-mail inquiring as to the status of the supplement to Plaintiff's Document Production and indicated that RC would file a motion to compel the production of such documents if Plaintiff did not properly supplement the Document Production. A copy of this e-mail is attached hereto as <u>Exhibit E</u>. As of the time of the filing of this Motion, Plaintiff has failed to serve RC with any of the responsive documents outlined in the Letter or otherwise provide RC with any response to its requests for additional documents.

**RELIEF REQUESTED**

4.  By this Motion, RC seeks an order pursuant to Rule 37 of the Federal Rules compelling Plaintiff to produce documents responsive to the Document Requests.

**BASIS FOR RELIEF**

5.  Under Federal Rule 26, discovery may be had "regarding any matter, not privileged, that is relevant to the claim or defense of any party." <u>See</u> Fed. R. Civ. P. 26. To that end, Federal Rule 34(a) provides that a party may serve upon any other party a request to inspect and copy designated documents "which constitute or contain matters within the scope of Rule 26(b)." <u>See</u> Fed. R. Civ. P. 34(a). In response, a party must make the requested documents

available, object to the discovery requests or seek a protective order if it believes a discovery request is inappropriate. See Fed. R. Civ. Pro. 26(b), (c) and 34(b). Here, Plaintiff has (a) failed to produce certain of the documents responsive to the Document Requests, despite multiple requests from RC and, (b) has not moved for a protective order pursuant to Federal Rule 26(b) and (c). Plaintiff has not offered any reason for its failure to properly respond to the Document Requests.

6. Plaintiff's delay in responding to or producing the documents responsive to the Document Requests has hindered RC's ability to prepare its defenses to the Plaintiff's claims. The Document Requests seek relevant and otherwise discoverable information that is essential to RC's ability to defend against this action and to investigate Plaintiff's claims and demand for damages. Because Plaintiff has failed to provide complete responses to the Document Requests, RC has and is being unfairly prejudiced and deprived of its ability to properly prepare for depositions and trial.[1]

7. The responsive documents that Plaintiff has failed to produce, along with the relevant request from the Document Requests, are:

    a. E-mails or other communications between Charles Skarsaune and Michael Rivers, Jr. These documents are responsive to request number 3(m) of the Document Requests;

    b. The confidentiality agreement Plaintiff allegedly executed with Gallard Industries. This document is responsive to request numbers 3(e), (gg) and 9 of the Document Requests;

    c. A copy of Plaintiff's provisional patent application for a utility patent on the spinners. This document is responsive to request numbers 3(e) and 8 of the Document Requests;

---

[1] Accordingly, to the extent that the Court grants this Motion, RC also requests the right to re-depose Messrs. Rivers and Mathis.

    d. A copy of any drawings, specifications, or any other documents that Michael Rivers, Jr. and/or Marc Mathis provided to RC Components, Inc. ("RC") upon their visit to Kentucky to meet with Rick Ball. These documents are responsive to request numbers 3(e), (g), (i), and 8 of the Document Requests;

    e. Communications from Jim Cooper to Plaintiff stating that RC could not make spinners for certain motorcycle models. These documents are responsive to request numbers 3(k), (n), (r), (s), 5, 9, and 12 of the Document Requests;

    f. Plaintiff's tax returns, balance sheets, profit and loss statements, financial statements, bank statements and any other documents showing Plaintiff's financial condition in the years 2002-2006. These documents are responsive to request numbers 3(x), (cc), (gg) and 9 of the Document Requests; and

    g. Any documents showing the price at which Plaintiff sold the spinners to its customers, including, but not limited to, Plaintiff's price list for and any receipts from the sale of spinners. These documents are responsive to request numbers 3(x), (cc), (gg), and 9 of the Document Requests.

  8. Pursuant to Federal Rule 37(a)(4)(A), RC also requests that the Court award RC costs, including attorneys' fees, it incurred as a result of Plaintiff's failure to properly respond to the Document Requests.

## RULE 7.1.1 STATEMENT

  9. As detailed above, in accordance with D. Del. L.R. 7.1.1, RC has made reasonable efforts to reach agreement on the relief requested herein with opposing counsel prior to filing this Motion.

## REQUEST FOR WAIVER OF FILING OF MEMORANDUM OF LAW

  10. In light of the nature of the relief requested, and because this Motion raises no novel issues of law, RC respectfully requests that this Court dispense with the requirement for the submission of briefing contained in D. Del. L.R. 7.1.2, except that RC reserves the right to file a reply memorandum or brief in response to any opposition brief or memorandum to this Motion.

-5-

WHEREFORE, RC requests that the Court enter an order substantially in the form attached as <u>Exhibit E</u> compelling Plaintiff to produce the documents responsive to the Document Requests no later than five days after the entry of the order, directing Plaintiff to pay RC's costs incurred in making this Motion, authorizing RC to re-depose Messrs. Rivers and Mathis, and granting RC such other and further relief as the Court deems appropriate.

Dated: October 10, 2006
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William H. Sudell, Jr. (#463)
Curtis S. Miller (#4583)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Attorneys for Defendant RC Components, Inc.

540290