# **EXHIBIT D**

# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Curtis S. Miller
302 351 9412
302 425 3080 Fax
cmiller@mnat.com

September 28, 2006

**VIA HAND-DELIVERY**

Kester Crosse, Esquire
1214 King Street
Suite 300
Wilmington, DE 19801

      Re:    Rimmax Wheels, LLC v. RC Components, Inc.,
               C.A. No. 06-029

Dear Kester,

      This letter identifies (1) the documents that Marc Mathis testified about during his deposition and which you agreed to produce, and (2) documents that are responsive to RC Components, Inc. ("RC") First Request for Production of Documents Directed to Plaintiff Rimmax Wheels, LLC (the "Requests") but which Plaintiff has not produced. This letter constitutes RC's effort to reach agreement with Plaintiff pursuant to Local Rule 7.1.1.

      Please produce the following documents:

      1)    E-mail or other communication from Charles Skarsaune to Michael Rivers, Jr. This document is responsive to request number 3(m) of the Requests;

      2)    The confidentiality agreement with Gallard Industries. This document is responsive to request numbers 3(e), (gg) and 9 of the Requests;

      3)    A copy of Plaintiff's provisional patent application for a utility patent on the spinners. This document is responsive to request numbers 3(e) and 8 of the Requests;

      4)    A copy of any drawings, specifications, or any other documents that Messrs. Rivers and Mathis provided to RC Components, Inc. ("RC") upon their visit to Kentucky to meet with Mr. Ball. These documents are responsive to request numbers 3(e), (g), (i), and 8 of the Requests;

Kester Crosse, Esquire
September 28, 2006
Page 2

        5)      Communication from Jim Cooper to Plaintiff that it could not make spinners for certain motorcycle models. These documents are responsive to request numbers 3(k), (n), (r), (s), 5, 9, and 12 of the Requests;

        6)      Plaintiff's tax returns, balance sheets, profit and loss statements, financial statements, and any other documents showing Plaintiff's financial condition in the years 2002-2006. These documents are responsive to request numbers 3(x), (cc), (gg) and 9 of the Requests; and

        7)      Any documents showing the price at which Plaintiff sold the spinners to its customers, including, but not limited to, Plaintiff's price list for and any receipts from the sale of spinners. These documents are responsive to request numbers 3(x), (cc), (gg), and 9 of the Requests.

        Feel free to call me if you have any questions.

        Sincerely,

        Curtis S. Miller

CSM/mch
526917