# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIMMAX WHEELS, LLC a Delaware limited liability company | ) ) |
| Plaintiff, | ) ) C.A. No. 06-029 (SLR) |
| vs. | ) ) |
| RC COMPONENTS, INC., a Kentucky corporation, | ) ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

As discovery is in its early stages. Plaintiff expressly reserves the right to supplement or amend these responses as it uncovers new or additional facts in connection with its ongoing investigation.

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure Plaintiff hereby responds to Defendants First Set of Interrogatories dated July 5, 2006. These responses do not constitute a wavier of the Plaintiff's right to challenge the relevance, materiality, authenticity or admissibility of the information provided, or to object to the use of any documents identified in any subsequent proceeding or trial in this litigation. Neither the information contained in these responses nor the documents identified by the Plaintiff shall be interpreted to concede the truth of any factual assertion or implication contained in each Interrogatory.

## GENERAL OBJECTIONS

Plaintiff asserts the following General Objections to each Interrogatory, each of which is hereby incorporated into each particular response to the specific subparagraphs of each Interrogatory.

1. Plaintiff objects to each and every Interrogatory insofar as each Interrogatory is overly broad and seeks information that is neither relevant to the subject matter of this litigation, or reasonably calculated to lead to the discovery of admissible evidence.

2. Plaintiff objects to each Interrogatory insofar as each seeks information that is protected from discovery by the attorney-client privilege, the work product immunity and other privileges and immunities protecting confidential information from discovery.

3. Plaintiff objects to each Interrogatory insofar as each seek information that is subject to confidentiality or non-disclosure protections or obligations (e.g., information affecting the privacy rights of third parties, etc.) under any basis.

4. Plaintiff objects to each Interrogatory insofar as each seeks information publicly available or already in the possession of plaintiffs.

5. Plaintiff objects to each Interrogatory insofar as each seek discovery beond the scope permitted by the Rules of the District Court.

6. Plaintiff objects to each Interrogatory insofar as each Interrogatory is not expressly limited to information within the Plaintiff's possession, custody and control.

7. Plaintiff objects to each interrogatory insofar as each Interrogatory purports to require Plaintiff to do more by way of response or production than is required by Federal Rule of Civil Procedure.

8. Plaintiff objects to each Interrogatory insofar as each Interrogatory is unduly burdensome and oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to each specific Interrogatory which seek identification of each document "which reflects" the subject matter of the specific Interrogatory without limit as to the nature of such reflection on the grounds that each such specific Interrogatory is thereby rendered vague, ambiguous, overly broad and unduly burdensome.

## SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO. 1. Identify each person who has knowledge of any facts alleged in the complaint; in each instance also (i) identify the paragraph(s) of the Complaint with respect to which the person has knowledge and (ii) state the basis for the person's knowledge.

RESPONSE:

(a) Michael Rivers, Jr. and Marc C. Mathis. These individuals may be contacted through the undersigned counsel.

(b) Rick Ball

(c) Jim Cooper, 168 Redheaven Court, Bolling Green, Kentucky, 42103.

(d) Patrick Mixon, Esquire, Snell & Wilmer, LLP, One Arizona Center, 400 East Van Buren, Phoenix, Arizona 85004-2202.

INTERROGATORY NO. 2. Identify each document and communication upon

3

which is based, in whole or in part, the allegations contained in the Complaint; in each instance give the paragraph(s) of the Complaint containing the allegations that are based, in whole or in part, upon the document or communication.

RESPONSE. Plaintiff incorporates herein its general objections. Plaintiff further objects to this interrogatory to the extent that it seeks information that is subject to the attorney-client work product or any other privilege. Plaintiff also objects to this request to the extent it seeks information that it already in the possession, custody or control of Defendant, or information that is equally available to the Defendant. Subject, to and without waiver of the foregoing General Objections and specific objections, Plaintiffs will produce all non privileged documents in its possession, custody or control responsive to this request.

INTERROGATORY NO. 3. Identify all person(s) who provided information for all or any part of Your answers to these interrogatories and, for each person named, state the interrogatory or interrogatories in response to which such person provided information.

RESPONSE. Plaintiff incorporates herein its general objections. Plaintiff further objects to this request to the extent that it seeks information subject to the attorney-client, work product or any other privilege. Plaintiff also objects to this request to the extent that it seeks information that is already in the possession, custody or control of Defendant or information that is equally available to the Defendant. Subject to and without wavier of the foregoing general and specific objections, Plaintiff answers as follows:

(a) Michael Rivers, Jr.

(b) Marc C. Mathis

INTERROGATORY NO. 4. Identify any document or communication prepared or received by You or on Your behalf relating to the allegations in the Complaint; for each such document or communication identify:

(a) the author;

(b) recipient; and

(c) each such author's or recipient's last known address and telephone number.

RESPONSE: Plaintiff incorporates by reference the foregoing general objections to this request to the extent it seeks information that is already in the possession, custody and control of defendant or information that is equally available to defendant. Additionally, and by way of further response, the answer to this interrogatory may be derived or ascertained from the documents to be produced in response to Defendant's Request for Production. By way of further answer Plaintiff represents that it will produce its patent search, copies of checks paid to the Defendant, price quotes from the Defendant, the confidentiality agreement between Plaintiff and Defendant and correspondence between Plaintiff's attorney and Defendant regarding the items that were the subject matter of this Interrogatory.

INTERROGATORY NO. 5. Identify all documents related to Your allegation in paragraph 13 of the Complaint that the amount in controversy in this action exceeds $75,000.00.

RESPONSE: Plaintiff incorporates by reference the foregoing general objections and by way of further answer indicates that it will produce copies of cancelled checks exceeding the amount of $75,000.00 which were paid to Defendant.

INTERROGATORY NO. 6. Identify all person(s) with knowledge relating to Plaintiff's purported invention of the spinners.

RESPONSE: Plaintiff incorporates by reference the foregoing general objections and by way of further answer states that the parties to this litigation have knowledge of Plaintiffs invention of spinners. In addition, persons at the United States Patent Office, who are processing Plaintiff's application have such knowledge. Plaintiff's principals and its patent attorneys.

INTERROGATORY NO. 7. Identify all documents demonstrating that Plaintiff invented the spinners.

RESPONSE: Plaintiffs incorporate herein its general objections. By way of further answer, Plaintiff filed its Provisionary Design Patent application number 191096 in September, 2002. Plaintiffs will produce its Patent search from the United States Patient Office showing its application for the intended patent on the motorcycle spinning wheels.

INTERROGATORY NO. 8. Describe in detail any confidential information, intellectual property, or proprietary information, You allege You disclosed to RC in paragraphs 23 and 29 of the Complaint regarding the spinners.

RESPONSE: Plaintiffs incorporate by reference the foregoing general objections and further objects to this interrogatory, in that it request information already known by the Defendant and its agents. By way of further answer Plaintiff states that they informed the Defendants about the nature of their invention and contracted with them to produce the motorcycle spinners; therefore, this information was conveyed to the Defendants.

INTERROGATORY NO. 9. Describe in detail all facts that support Your allegation in paragraph 14 of the Complaint that Michael Rivers, Jr. and Marc Mathis invented the spinners.

RESPONSE: Plaintiffs incorporate by reference the foregoing general objections and by way of further answer incorporates the information produced in its application No. 191096 motorcycle rim with spinning spoke patent application.

INTERROGATORY NO. 10. State the precise date. You allege that Michael Rivers, Jr. and Marc Mathis invented the spinners.

RESPONSE: Plaintiffs cannot state the precise date that they invented the spinners. However, the pattern application was made in September 2002.

INTERROGATORY NO. 11. With respect to Your answer to Interrogatory No. 9 state in detail

(a) The role (s) Michael Rivers, Jr. and Marc Mathis played in their alleged invention of the spinners.

RESPONSE: Both Plaintiffs Michael Rivers, Jr. and Marc Mathis were involved in the invention of the spinners. Michael Rivers, Jr. is an engineering graduate and Marc Mathis is a business and marketing graduate.

INTERROGATORY NO. 12. Identify all documents that support Your allegation in paragraph 51 of the Complaint that You have patents on the spinners.

RESPONSE: Plaintiffs incorporate by reference the foregoing general objections and by way of further answer state that this fact may be confirmed by application to the Patent Office of the United States of America.

7

INTERROGATORY NO. 13. Describe in detail all facts that support your allegation in paragraph 51 of the Complaint that the spinners "RC advertises it sells, and that it does sell, is the same spinner invented by the Plaintiff.

RESPONSE: Defendants incorporates by reference the foregoing General Objections and further objects to this question on the grounds that it is a request for information which Defendants already have in their control and custody. By way of further answer Plaintiffs state that RC Components advertises and sells the spinners invented by Plaintiffs in its website and in documents that Plaintiff has seen.

INTERROGATORY NO. 14. Identify all person(s) with knowledge relating to the existence of a valid contract between You and RC regarding the manufacture of the spinners.

RESPONSE: (a) Rick Ball (b) Jim Cooper (c) Patrick Mixon (d) Michael Rivers and (e) Marc C. Mathis.

INTERROGATORY NO. 15. Identify all documents, including drafts, showing that there was a valid contract between You and RC regarding the manufacture of the spinners.

RESPONSE: (a) Price quote from RC Components dated October 3, 2002. (b) copies of cancelled checks from Rimmax LLC to RC Components. (c) Agreement regarding confidential information and intellectual property, dated August 20, 2002. (d) Quotation from R.C. Components for spinners with inventory totaling $62,166.00. (e)Fax from Jim Cooper dated April 18, 2003 regarding orders to be processed. (f) Copy of cashier's check dated May 21, 2003 to RC Components for $44,000.00. (g) Copy of

8

official check of First Union Bank dated July 6, 2003 payable to RC Components for $20,000.00. (h) Copy of check dated October 9, 2002 to RC Components for $7,227.50. (i) Copy of check dated April 5, 2003 payable to RC Components for $121.40. (j) Copy of check dated May 17, 2003 to RC Components in the amount of $20,000.00. (k) Copy of check from Rimmax Wheels dated April 4, 2003, payable to RC Components in the amount of $10,520.50. (l) Copy of note from Gail Harney, Bookkeeper of RC Components dated May 22, 2003 returning a counter check. (m) Copy of RC Components document to Rimmax Wheels showing pricing. (n) Copy of RC Components purchase orders.

INTERROGATORY NO. 16. Describe in detail the terms of any alleged manufacturing or supply agreement between You and RC.

RESPONSE: The Plaintiffs incorporate herein their general objections to the interrogatory and by way of further answer state that a supply agreement was prepared setting forth the terms and conditions of the manufacturing and supply agreement between the parties. RC Components did not sign the contract; however, the contract had a term which made it effective upon RC Components accepting Plaintiff's payment and beginning the job. This term is at clause 9.15. This document shall be produced and this Answer supplemented as further investigation warrants.

INTERROGATORY NO. 17. Identify all documents demonstrating that You paid in full for Your orders to RC to purchase inventory and manufacture the spinners.

RESPONSE: Plaintiffs incorporate herein their general objections and as further grounds state: A letter dated July 2, 2003 from their attorney to RC Components seeking a refund of the money owed shows that the amount was paid.

9

INTERROGATORY NO. 18. Identify all documents that support Your allegation in paragraph 36 of the Complaint that RC told You that it would purchase the inventory to manufacture, and manufacture, 54 sets of spinners for $80,000.00.

RESPONSE: The Plaintiffs submit that the purchase order from RC Components included the purchase of inventory to do the spinners. There was no separate agreement regarding inventory.

INTERROGATORY NO. 19. If you content that You were not required to pay for the inventory RC purchased to manufacture the spinners, state in detail all facts that support Your contention.

RESPONSE: See Answer to Interrogatory No. 18.

INTERROGATORY NO. 20. Identify all documents supporting Your allegation in paragraph 49 of the Complaint that RC contacted Your customers telling them to buy spinners from RC rather than You.

RESPONSE: Plaintiff has no documents at present to support this allegation.

INTERROGATORY NO. 21. Identify all persons with knowledge relating to Your allegations in paragraphs 77-79 of the Complaint that RC induced or otherwise caused third parties not to perform, enter into, or continue their contracts with You.

RESPONSE: By way of further answer Plaintiff states that they have no such document, but upon information and belief were informed by customers that RC Components sent a memorandum to Plaintiff's customers advising them that they could purchase spinners from RC Components and not Rimmax Wheels.

INTERROGATORY NO. 22. Identify all documents relating to Your allegation in paragraphs 77-79 of the Complaint that RC induced or otherwise caused third parties not to perform, enter into, or continue their contracts with you.

RESPONSE: Plaintiffs incorporate herein their general objections and as further grounds state by way of further objection this is information that the Defendant has in his custody and control. Upon further investigation, Plaintiffs will supplement this answer.

INTERROGATORY NO. 23. Describe in detail all confidential information and proprietary technology You allege You disclosed to RC in paragraph 29 of the Complaint.

RESPONSE: Plaintiff incorporates their general objections. This is information which RC Components already knows and has under their custody and control. By way of further answer, the non disclosure agreement sets out the confidential information regarding the design and production of spinners which Plaintiffs communicated to RC Components.

INTERROGATORY NO. 24. If you contend that Rick Ball did not refuse to sign any confidentiality agreement with You regarding the spinners, state in detail all facts that support Your contention.

RESPONSE: The Plaintiffs do not make such a negative contention. The confidentiality agreement was signed by Rick Ball, through his employee and agent Jim Cooper.

INTERROGATORY NO. 25. If You contend that RC did not design and engineer the spinners, state in detail all facts that support Your contention.

11

RESPONSE: Plaintiffs incorporate herein their general objections and by way of further answers state that RC Components was engaged by them to design and engineer the spinners. RC Components were not in this business prior to their engagement and contacts with the Plaintiffs.

INTERROGATORY NO. 26. If You contend that the concept of the spinners was not publicly known prior to Your first communication with RC, state in detail all facts that support your contention.

RESPONSE: Plaintiffs are not certain that the concept of spinners was not publicly known prior to their communication with RC. Plaintiffs position is that they communicated the concept and principal which they invented to RC and therefore. RC's spinners and their presence in the market was directly derived from the communications with Plaintiff.

INTERROGATORY NO. 27. If you contend that You did not breach any agreement You had with RC by failing to pay in full for your orders of the spinners, state in detail all facts that support Your contention.

RESPONSE: Plaintiffs paid in full for the services contracted from RC. The cancel check shows such payment.

INTERROGATORY NO. 28. Identify each and every act or fact which You believe supports your claim that RC breached a contract with You. For each and every act or fact, state full and in detail.

(a) the names and addresses of all persons who were witnesses to or who have knowledge of the alleged act(s) or fact(s).

12

RESPONSE: Plaintiffs incorporate by reference the foregoing objections and by way of further answer state that RC breached the contract, in that they did not produce the spinners as contracted. This information is known by the parties to this litigation.

INTERROGATORY NO. 29. Identify each person(s) that has alleged that You, Michael Rivers, Jr. or Marc C. Mathis defrauded them. With respect to each person(s), identify:

    (a) the names and last known addresses and telephone numbers of each person; and

    (b) any documents related to each person's allegation that You, Michael Rivers, Jr. or Marc C. Mathis defrauded them.

RESPONSE: Plaintiffs incorporate by reference the foregoing general objections and further objects to this request on the grounds that it is information which the Defendants already have under their custody and control. Defendants have a listing of all of the orders which they themselves have failed to produce and therefore know any persons who may not have received spinners from the Plaintiffs.

INTERROGATORY NO. 30. Describe in detail the nature of the Delaware Department of Justice's investigation of you, Michael Rivers, Jr. and Marc C. Mathis.

RESPONSE: Plaintiffs incorporate by reference the foregoing general objections and further objects to this request in that the Delaware Department of Justice is investigating complaints from customers who paid for spinners which were to be manufactured by RC Components, who did not receive these spinners due to RC Component's breach of the contract with Plaintiff.

INTERROGATORY NO. 31. Identify each person from whom an oral or written statement has been, or will be, taken concerning facts alleged in the Complaint, and, as to each such statement, indicate the subject matter of the statement, whether it was written or oral, and the date thereof.

RESPONSE: None.

INTERROGATORY NO. 32. Identify each person who has been, or will be, interviewed, either by or on behalf of the plaintiff, in connection with the subject matter of the Complaint and, as to each person interviewed, indicate the date, or expected date, of the interview and identify each document pertaining to the interview.

RESPONSE: The Plaintiffs incorporate herein their general objections to the interrogatory and further state that no decision has been made on further interviews of witnesses and this request violates the attorney-client work product privilege.

INTERROGATORY NO. 33. Identify every person that You expect to call to testify as a witness at trial and, with respect to each such witness, state:

    (a) the substance of the facts and opinions, if any, to which the witness is expected to testify; and

    (b) the nature and relationship of the witness with You.

RESPONSE: Plaintiffs hereby incorporate their general objections and as further answer states the parties, Michael Rivers, Marc C. Mathis, Patrick Mixon, Rick Ball and Jim Cooper. Plaintiffs reserve the right to supplement this response as they investigate the matter further.

INTERROGATORY NO. 34. Identify every expert that You expect to call to testify as a witness at trial and, with respect to each such witness, state:

14

(a) the substance of the facts and opinions, if any, to which the witness is expected to testify; and

(b) the nature and extent of the qualifications of any such expert expected to testify;

RESPONSE: No experts have been retained as yet. This answer is to be supplemented.

INTERROGATORY NO. 35. Identify the exhibits that You anticipate introducing or using at trial.

RESPONSE: Plaintiffs have not determined which exhibits they will introduce at trial.

INTERROGATORY NO. 36. Itemize all damages that You are claiming in the Complaint, including, but not limited to, an explanation of how each item of damage is calculated.

RESPONSE: Plaintiffs are unable to state what the damages are at the present time. Upon further statements by the Defendant as to how many spinners he has sold to his dealers and customers, a more accurate estimate will be provided.

_____
Kester I. H. Crosse, Esquire (#638)
Williams & Crosse
1214 King Street
Wilmington, Delaware 19801
(302) 652-3141

/s/Anne T. Sulton, Esquire
Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507
Attorneys for Plaintiff Rimmax Wheels, LLC

15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIMMAX WHEELS, LLC a Delaware limited liability company | ) <br> ) <br> ) |
| Plaintiff, | ) C.A. No. 06-029 (SLR) |
| vs. | ) |
| RC COMPONENTS, INC., a Kentucky corporation | ) <br> ) |
| Defendant. | ) <br> ) |

**A F F I D A V I T**

STATE OF DELAWARE

NEW CASTLE COUNTY

BE IT REMEMBERED that on this 15th day of August, 2006, personally appeared before me, the subscriber, a Notary Public for the County and State aforesaid, Marc C. Mathis of Rimmax Wheels, LLC, who being by me duly sworn according to law deposes and says that the Answers to Defendant's First Set of Interrogatories Directed to Plaintiff are true and correct.

_____
MARC C. MATHIS

SWORN TO AND SUBSCRIBED before me a Notary public for the State and County aforesaid, the day and year aforesaid.

_____
NOTARY PUBLIC

KESTER I. H. CROSSE
Attorney at Law
State of Delaware
Notarial Officer Pursuant to

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIMMAX WHEELS, LLC, a Delaware limited liability company | ) ) ) |
| Plaintiff, | ) ) C.A. No. 06-029 (SLR) |
| vs. | ) ) |
| RC COMPONENTS, INC., a Kentucky corporation, | ) ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

On this 15th day of August, 2006, I, Kester I.H. Crosse, Esquire, certify that service of the foregoing Plaintiff's Reply to Defendant's First Set of Interrogatories Directed to Plaintiff was caused to be made in the manner indicated upon the entities listed below:

By Hand Delivery

William H. Sudell, Jr., Esquire (#463)
Curtis S. Miller Esquire (#4583)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

_____
Kester I.H. Crosse, Esquire (#638)
Williams and Crosse
1214 King Street
Wilmington, Delaware 19801