UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

RIMMAX WHEELS, LLC,
a Delaware limited liability company,

        Plaintiff,

v.                                              Civil Action 06-029-SLR

RC COMPONENTS, INC.,
a Kentucky corporation,

        Defendant.
_____

**PLAINTIFF'S MOTION TO QUASH SUBPOENA
SERVED ON NON-PARTY**

---

Plaintiff, by its counsel Kester I.H. Crosse, Esq., hereby respectfully moves the Court for an order quashing the subpoena issued by opposing counsel on Belfint, Lyons & Shuman, P.A., plaintiff's accountant, which is not a party to this action. A copy of the subpoena is attached hereto. The bases for this motion are:

1) The subpoena was issued on or about December 20, 2006. A copy was not served on plaintiff's counsel.

2) The subpoena requires the non-party to produce the documents at the offices of defendant's attorney. However, no witness/mileage fee, even to cover the travel or duplicating expenses, was attached to the subpoena.

3) The subpoena requires production of the documents on December 29, 2006 at 4:00 PM. Given the holiday season, this fails to allow a reasonable time for compliance.

1

4) The subpoena requires disclosure of a trade secret or other confidential commercial information.

5) The subpoena requires disclosure of the information subject of a currently pending motion to compel, which the Court already has set for hearing on January 8, 2007 at 10:00 AM.

6) The subpoena subjects the non-party to undue burden.

7) The subpoena may require disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party.

8) The subpoena requires a non-party to incur substantial expense and defendant has not shown a substantial need for the material that cannot otherwise be met without undue hardship on this non-party. Furthermore, defendant has not indicated it will reasonably compensate this non-party, making it likely plaintiff will be charged by this non-party for the time it spends to respond to the subpoena.

9) Some of the materials requested are not discoverable because they are not relevant to, nor likely to lead to the discovery of information relevant to the issues presented in this case.

10) The confidential information defendant seeks from this non-party is not reasonably expected to yield information relevant to the allegations in the complaint, to the proposed relief, or to defendant's defense of plaintiff's claims.

Therefore, plaintiff respectfully requests the Court quash the subpoena issued by defendant upon this non-party, order defendant to identify all other non-parties to

which or to whom it has issued other subpoenas, order defendant to produce complete copies of all documents or other materials it has received from other non-parties to whom it has issued subpoenas, and order such other relief the Court deems appropriate.

Dated this 29th day of December 2006.

                                    s/ Kester I.H. Crosse

                                    Kester I.H. Crosse, Esq.
                                    Delaware State Bar I.D. #638
                                    1214 King Street
                                    Wilmington, DE 19801
                                    Telephone: (302) 658-3488
                                    E-Mail: kesterih@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2006, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Attorney Curtis Miller, E-mail: CMiller@MNAT.com

I also hereby certify that on December 29, 2006, I sent a copy of this document via mail, fax and/or E-mail to:

Attorney Curtis Miller [defendant's counsel issuing the subpoena]

Belfint, Lyons & Shuman, P.A.
1011 Centre Road, Suite 310
Wilmington, DE  19805

RiMMax Wheels, LLC
1148 Pulaski Highway
Suite 107-346
Bear, DE  19701
marccmathis@rimmaxwheels.com
mikeriversjr@yahoo.com

                                    s/Kester I.H. Crosse