IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIMMAX WHEELS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-029-SLR |
| | ) |
| RC COMPONENTS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this /0+ day of January, 2007, having
considered defendant's motion to transfer and the papers
submitted in connection therewith;

IT IS ORDERED that said motion to transfer (D.I. 11) is
denied, for the reasons set forth below:[1]

1. **Introduction.** On January 12, 2006, plaintiff RiMMax
Wheels, LLC ("RiMMax") filed this diversity action alleging
breach of contract, fraud and intentional interference with
contractual relations against defendant RC Components, Inc.
("RC"). (D.I. 1) By its answer, RC denies the allegations and
has moved to transfer to the United States District Court for the

---

[1]This memorandum order constitutes the court's decision on
defendant's motion to transfer. The memorandum order issued on
January 9, 2007 (D.I. 45) is **rescinded** and the PDF link to same
is no longer available.

Western District of Kentucky.  (D.I. 4, 11, 12)  RiMMax opposes

the motion (D.I. 14) and RC has filed its reply.  (D.I. 18)

2.  **Background.**  In 2002, Michael Rivers, Jr. and Marc

Mathis ("Mathis") invented "spinners," unique, free spinning rims

for motorcycles.  (D.I. 1, ¶ 13)  Together they established

RiMMax,  a Delaware limited liability company, and subsequently

applied to obtain patents on the spinners.  (D.I. 14)  RiMMax

operates in Delaware.

3.  RC is a Kentucky corporation operating in Bowling,

Kentucky.  (D.I. 12)  It has no stores, distribution centers, or

manufacturing facilities in Delaware.  All of RC's employees and

files are located in Kentucky.  RC's presence is through

independently owned dealers that sell motorcycle products,

including RC products.  At all relevant times, RC manufactured

the spinners, shipped the finished products and communicated with

RiMMax from Kentucky.  Richard Ball ("Ball") is the founder and

registered agent of RC.

4.  According to the complaint, RiMMax contacted Ball to

engage RC in manufacturing the spinners.  (D.I. 1)  RC's sales

manager, Jim Cooper, handled negotiations with RiMaxx.  On August

20, 2002, the parties signed an "Agreement Regarding Confidential

Information and Intellectual Property" (the "Agreement"), which

outlined the terms of their business relationship and prohibited

RC from using the confidential information and proprietary

2

technology disclosed for any purpose other than manufacturing RiMMax's spinners.[2]  (D.I. 14, ex. B)  The parties further agreed that:  "This Agreement shall be governed by and in accordance with the laws of the State of Delaware without reference to the principles of conflict of laws."  (Id. at 3)

5.    After additional negotiations, in person at RC's Kentucky facility, and by telephone in Delaware, the parties agreed that RC would manufacture the spinners.  RiMMax placed orders and sent the requisite payment.  Soon after, however, the business relationship between RiMMax and RC deteriorated.  It is disputed whether the orders were filled consistent with their agreements and whether money is owed to RiMMax.

6.    RC contends this is a simple collection action that is properly venued in the Western District of Kentucky, the locale of the parties' negotiations and of RC's business operations. (D.I. 12)  Further, two key non-party witnesses have stated their unwillingness to travel to Delaware to testify.[3]  These witnesses, RC asserts, are essential and beyond the court's subpoena power.

---

[2]The Agreement is signed by Mathis and Jim Cooper.  (D.I. 14 at ex. B)

[3]Jim Cooper (RC former sales manager who signed the Agreement) and Charles Skarsaune (RC's former mechanical engineer and designer of spinners) reside in Kentucky and neither is willing to travel to Delaware to testify at trial.  (D.I. 12 at ex. A, B)

3

7.   **Standard of Review.**  Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice.  Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988);  Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998).

8.   The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail".  ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001);  Shutte, 431 F.2d at 25.

9.   The deference afforded plaintiff's choice of forum will apply so long as plaintiff has selected the forum for some legitimate reason.  C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del 1998);  Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov.

4

28, 2001); Continental Cas. Co. v. American Home Assurance Co.,
61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an
action is usually considered as less inconvenient to a plaintiff
if the plaintiff has not chosen its "'home turf' or a forum where
the alleged wrongful activity occurred, the plaintiff's choice of
forum is still of paramount consideration, and the burden remains
at all times on the defendants to show that the balance of
convenience and the interests of justice weigh strongly in favor
of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F.
Supp. 973, 976 (D. Del. 1993).

     10.  The Third Circuit Court of Appeals has indicated that
the analysis for transfer is very broad. Jumara v. State Farm
Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing
that "there is no definitive formula or list of factors to
consider," id., the Court has identified potential factors it
characterized as either private or public interests. The private
interests include: "(1) plaintiff's forum preference as
manifested in the original choice; (2) defendant's preference;
(3) whether the claim arose elsewhere; (4) the convenience of the
parties as indicated by their relative physical and financial
condition; (5) the convenience of the witnesses but only to the
extent that the witnesses may actually be unavailable for trial
in one of the fora; and (6) location of books and records

(similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

11. The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

12. **Discussion.** Over the years, this court has based its transfer decisions on the realities of contemporary litigation and the impact of such on the specific character of the litigation at bar. Clearly, Delaware has a substantial connection to this case: plaintiff is a Delaware limited liability company; by the Agreement, this dispute shall be governed by Delaware law; defendant RC sells its products through Delaware dealers. Plaintiff appears to be a small, litigation-naive company which has struggled to meet its obligations to the court. Defendant appears to be otherwise. Given the court's history of effectuating a plaintiff's choice of forum absent

exceptional circumstances,[4] the court declines to transfer the case to Kentucky at this juncture.[5]

13.  **Conclusion.**  For the reasons stated, defendant's motion to transfer (D.I. 11) is denied.  The court will entertain a further discussion of venue at the pretrial conference, if accommodations cannot be made for out-of-state witnesses.

United States District Judge

---

[4]Discovery will be conducted in both Delaware and Kentucky. Trial testimony is as often comprised of recorded depositions as it is of witnesses appearing live to testify.

[5]Discovery is close to completion and defendant has filed a case dispositive motion for summary judgment.

7