IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIMMAX WHEELS, LLC,<br>a Delaware limited liability company,<br><br>     Plaintiff,<br><br>     v.<br><br>RC COMPONENTS, INC.,<br>a Kentucky corporation,<br><br>     Defendant. | C.A. No. 06-029 (SLR) |

**MOTION IN LIMINE OF DEFENDANT RC COMPONENTS, INC.**

Defendant, RC Components, Inc. ("RC"), hereby moves this Court (the "Motion") *in limine* for the entry of an order precluding Plaintiff from submitting certain documentary evidence and testimony at trial. In support of the Motion, RC respectfully represents as follows:

I. **The Court Should Preclude Plaintiff from Submitting Evidence of Lost Profits Damages as It Cannot Establish Such Damages With a Reasonable Certainty**

The Court should preclude Plaintiff from introducing into evidence any documents or presenting testimony regarding Plaintiff's claim for lost profits damages because such evidence, being insufficient to establish lost profits by a reasonable certainty, will only serve to unfairly prejudice RC and confuse and/or mislead the jury. See Fed. R. Evid. 403.

As set forth in the Opening Brief in Support of Defendant RC Components, Inc.'s Motion for Summary Judgment (D.I. 38) (the "Opening Brief") and the Reply Brief in Support of Defendant RC Components, Inc.'s Motion for Summary Judgment (D.I. 50)(the "Reply Brief"),

Plaintiff has completely failed to provide evidence sufficient to establish lost profits with a reasonable degree of certainty. Opening Brief at p. 17-20; Reply Brief at p. 9. Courts in Kentucky follow the Restatement (Second) of Contracts, which provides that lost profits "[d]amages are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty." Pauline's Chicken Villa, Inc. v. KFC Corp., 701 S.W.2d 399, 401 (Ky. 1986); James Med. Equip. v. Allen, Nos. 2005-CA-000128-MR, 2006 WL 2788435, at *9 (Ky. App. Sept. 29, 2006). "[T]he loss of anticipated profits may be recovered when they can be legally ascertained, and when there is no lack of certainty on account of being too remote, conjectural, and speculative." See Advanta USA, Inc. v. Farmers Fertilizer Co., Inc., No. 2005-CA-000662-MR, 2006 WL 1561489, *3 (Ky. App. June 9, 2006) (inner quotation omitted). Further, "if the business is a new one . . . proof will be more difficult." Pauline's Chicken, 701 S.W.2d at 401.

In this case, Plaintiff is a new business and has made no attempt in discovery or in its Answering Brief in Opposition to Defendant RC Components, Inc.'s Motion for Summary Judgment (D.I. 48) (the "Opposition"), whether by expert testimony or otherwise, to substantiate its claim for lost profits damages. Opening Brief at p. 17-20; Reply Brief at p. 9. Indeed, when asked during his deposition how Plaintiff would calculate these damages, one of Plaintiff's principals responded, "I don't know." Opening Brief at p. 19-20. Accordingly, the Court should preclude Plaintiff from producing any evidence or testimony of lost profits damages at trial as Plaintiff cannot establish lost profits with reasonable certainty and the presentation of any related evidence will only confuse the jury. Villalba v. Consolidated Freightways Corp. of Delaware, No. 98 C 5347, 2000 WL 1154073, at *4 (N.D. Ill. Aug. 14, 2000)(granting the defendant's

motion in limine to preclude evidence regarding lost profits damages because the plaintiff failed to produce evidence sufficient to establish the claim with reasonable certainty).

## II. The Court Should Preclude Plaintiff from Submitting Evidence of Intentional Interference with Contractual Relations as Plaintiff's only Evidence of Improper Interference is Inadmissable Hearsay

The Court should preclude Plaintiff's principals from testifying at trial regarding Plaintiff's claim for intentional interference with contractual relations because the only evidence Plaintiff has produced in support of this claim is inadmissible hearsay.

As set forth in RC's Reply Brief, Plaintiff's principal, Marc Mathis, testified during his deposition that Plaintiff based its claim for interference with contractual relations on out-of-court statements being offered for the truth of the matters they assert. Reply Brief at 7-8 (noting that Mr. Mathis testified that the basis for this claim is "a rumor going around in the industry that people were contacting RC Components, and RC was telling them that they were going to be producing the spinners so don't buy from Rimmax Wheels. *This was just a rumor we were hearing.*")(citing Mathis Tr. at 123:9-14 (emphasis added)). As inadmissible hearsay, this testimony must be excluded from trial. Fed. R. Evid. 802.

## III. The Court Should Preclude Plaintiff from Presenting Evidence on its Breach of Contract Claim as it is Barred by the Statute of Frauds

The Court should also preclude Plaintiff from presenting any documentary evidence or testimony regarding its alleged claim that RC breached a contract by refusing to deliver 34 out of 54 sets of spinners Plaintiff ordered. As set forth in the Opening Brief and Reply Brief, Plaintiff has admitted that the alleged contract on which it predicates its breach of contract claim was for the sale of goods for more than $500. Plaintiff has also admitted, under oath, that the parties never signed a distributor or supply agreement that governed the terms of RC's engineering,

3

manufacture, sale and delivery of spinners to Plaintiff. Opening Brief at p. 14-15; Reply Brief at p. 6-7. Indeed, in the Opposition, Plaintiff never contests that there is no writing sufficient to satisfy the statute of frauds.

Because Plaintiff has failed to produce any evidence of a writing sufficient to satisfy the statute of frauds, Ky. Rev. Stat. § 355.2-201(1), the Court should preclude Plaintiff from presenting any evidence on his breach of contract claim to the jury. See Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc., No. 91 C 7955, 1994 WL 444798, at *5-8 (N.D. Ill. Aug. 5, 1994)(granting a motion in limine and precluding a plaintiff's claim for promissory estoppel because the claim was precluded by the statute of frauds); Fed'l Deposit Ins. Corp v. WH Venture, Civ. A. No. 84-5673, 1987 WL 14856, at *2-3 (E.D. Pa. July 29, 1987)(granting a motion in limine and barring a plaintiff's claim because there was no writing sufficient to satisfy the statute of frauds).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the reasons discussed, the Court should preclude Plaintiff from presenting documentary evidence or testimony to the jury at trial regarding: 1) the claim for lost profits damages; 2) intentional interference with contractual relations; and 3) the breach of an alleged oral contract.

Dated: February 14, 2007
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William H. Sudell, Jr. (No. 463)
Curtis S. Miller (No. 4583)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Counsel for Defendant RC Components, Inc.