IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIMMAX WHEELS, LLC,<br>a Delaware limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RC COMPONENTS, INC.,<br>a Kentucky corporation,<br><br>　　　　　　　　Defendant. | C.A. No. 06-029 (SLR) |

**RC COMPONENTS, INC.'S OPPOSITION TO**
**<u>PLAINTIFF'S MOTION IN LIMINE</u>**

Defendant, RC Components, Inc. ("RC"), hereby files its Opposition (the "Opposition") to Plaintiff's Motion in Limine (D.I. 55) (the "Motion"), which seeks to exclude certain evidence pursuant to Rules 402 and 403 of the Federal Rules of Civil Procedure (the "Federal Rules"). In support of the Opposition, RC respectfully represents as follows:

**I.　ARGUMENT**

　　**A.　<u>The Subject Evidence is Relevant Under Federal Rule 402</u>**

The Court should deny Plaintiff's Rule 402 objection because evidence that, prior to Plaintiff's alleged invention, a third-party motorcycle manufacturer, Amen Motorcycles, assembled and publicly displayed a spinner containing the same technology as the spinner Plaintiff claims it invented is highly relevant to the claims and defenses in this case.

Rule 402 of the Federal Rules provides that, absent some rule or statute requiring exclusion, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under these standards, Plaintiff's Motion must be denied.

In this case, it cannot legitimately be disputed that evidence of Amen Motorcycle's assembly and public and open display of a spinner embodying the same technology as the spinner Plaintiff claims it invented (which was done prior to Plaintiff's alleged invention) is highly relevant to Plaintiff's assertion that it is the exclusive owner of confidential and proprietary intellectual property regarding the spinners. As explained in the Opening Brief in Support of RC Components, Inc.'s Motion for Summary Judgment (the "Opening Brief")(D.I. 38), under the Agreement Regarding Confidential Information and Intellectual Property ("Agreement"), which is the basis for this lawsuit (and was drafted by Plaintiff), Plaintiff cannot assert that information is its confidential or proprietary technology if that information was "publicly and openly known and in the public domain." Agreement at ¶ 2(iv)-(iv)(a). Amen Motorcycles' public and open display of its spinners almost a year prior to Plaintiff's claimed invention proves that Plaintiff has no confidential or proprietary intellectual property regarding the spinners. Therefore, its claims, a number of which are predicated on allegations that RC misappropriated this intellectual property, cannot be established at trial. See Complaint Count I at ¶ 61, 63 (breach of contract based on allegations that RC "failed to return to plaintiff its confidential information and proprietary technology" and used "plaintiff's confidential information and proprietary technology for purposes other than manufacturing plaintiff's invention") and Count II at ¶ 68 (fraud count based on allegations that RC "falsely represented

that it would not use plaintiff's confidential information and proprietary technology for any purpose other than to manufacture plaintiff's invention"). Under these circumstances, this evidence is highly relevant.

Plaintiff's statement in the Motion that this evidence is not relevant because "[t]his is not a patent or patent infringement case" simply demonstrates Plaintiff's misunderstanding of the issues surrounding its claims against RC. Evidence demonstrating that Plaintiff has no confidential information or proprietary technology is relevant to Counts I and II of the Complaint and RC's defenses thereto and, therefore, is admissible under Rule 402.

> B.  The Subject Evidence Should Not be Excluded Under Rule 403

Plaintiff has not offered any argument or reason why evidence of Amen Motorcycle's assembly and manufacture of a spinner that embodies the same technology as the spinner RC manufactured for Plaintiff should be excluded pursuant to Rule 403 of the Federal Rules. Accordingly, this objection should also be denied.

Rule 403 provides that evidence may be excluded from trial "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 requires the trial judge to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. In making this determination, the trial judge must appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant." United States v. Blyden, 964 F.2d 1375, 1378 (3d Cir. 1992)(inner quotations omitted). Unfair prejudice under

3

Rule 403 means that the evidence would lead to an undue probability that a decision would be made on an improper basis. Id. None of these dangers are present here.

Plaintiff has offered no reason why the introduction of this highly relevant evidence would lead a jury to make a decision on an improper basis or why its probative value is substantially outweighed by the harms outlined by Rule 403. Indeed, it appears that Plaintiff is simply attempting to preclude the entry of this evidence because it cannot contest the fact that Plaintiff has no proprietary intellectual property regarding the spinners under the terms of the Agreement due to Amen Motorcycle's prior assembly and public display of spinners. Any balancing test under Rule 403 demonstrates that there is no danger of unfair prejudice, confusion, misleading of the jury and, therefore, this evidence must be admitted as relevant. Accordingly, the Motion should be denied.

## CONCLUSION

For the reasons discussed, the Court should deny the Motion.

Dated: February 21, 2007
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    /s/ Curtis S. Miller
William H. Sudell, Jr. (No. 463)
Curtis S. Miller (No. 4583)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Counsel for Defendant RC Components, Inc.